UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AUGUSTO LAZA CUESTA,

      Petitioner,

      v.

WARDEN, FLORIDA SOFT SIDE
SOUTH,  U.S. ATTORNEY
GENERAL,

      Respondents.

Case No. 2:26-cv-675-KCD-DNF

_____/

## ORDER

Petitioner Augusto Laza Cuesta filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] As best the Court can tell, he claims that his continued detention violates the Fifth Amendment. (*Id.* at 7-9.) Respondents oppose the petition. (Doc. 8.) For the reasons below, the petition is **DENIED**.

## I. Background

Cuesta illegally entered the United States in 1991 and was released on parole. (Docs. 8-1, 8-2.) Following a criminal conviction, an immigration judge ordered him removed from the United States. (Doc. 8-2.) In 2001, Cuesta was released on an order of supervision. (Doc. 8-3.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

On October 20, 2025, Cuesta was arrested at his scheduled ICE reporting appointment and detained at Alligator Alcatraz. (Docs. 8-2, 8-8.) His informal interview took place on March 21, 2026, after his supervision was revoked. (Doc. 8-3, 8-4.) According to the unrebutted records now before the Court, Cuesta was transported to the border for removal to Mexico on January 26, 2026, but failed to comply. (*See* Doc. 8-5 at 2; Doc. 1 at 8.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the

noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id*. § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 678 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id*. at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a [Due Process] claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Applied here, Cuesta cannot satisfy the temporal requirement. True, ICE took him into custody on October 20, 2025, which is beyond six months. But on January 26, 2026, Cuesta refused removal to Mexico, which tolls the detention period. *See Akinwale*, 287 F.3d at 1052 n.4 (stating that the

3

"removal period shall be extended ... if the alien ... acts to prevent [his] removal subject to an order of removal"); *Quo Zing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal."). Thus, Cuesta's challenge to his continued detention fails. *Brown v. Gonzalez*, No. 4:06CV525-RH/WCS, 2007 WL 2790585, at *8 (N.D. Fla. Sept. 23, 2007).

Cuesta also seemingly brings a claim that he has been mistreated at Krome Detention Center. (Doc. 1 at 6.) To the extent this is an argument for habeas relief, it is summarily rejected. Challenges to conditions of confinement are not appropriately raised in the habeas context. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement.").

Finally, Cuesta claims that his removal to Cuba (or any third-world country) would be contrary to the United Nations Convention Against Torture because he faces a substantial risk of torture and retaliation based on "criminal history and political conditions." (Doc. 1 at 8.) Because there is no evidence that Cuesta raised, let alone exhausted all available administrative remedies on such a claim, 8 U.S.C. § 1252(d) precludes this Court's consideration. *See De La Teja v. U.S.*, 321 F.3d 1357, 1366 (11th Cir.

4

2003); *Murray v. U.S. Att'y Gen.*, 853 F. App'x 336, 340 (11th Cir. 2021). Even though Cuesta was provided the opportunity, there is no evidence that he disputed his removal to Mexico before now. And since Cuesta failed to seek relief under the Convention Against Torture before an immigration judge, his argument is "unexhausted and unreviewable" here. *Murray*, 853 F. App'x at 340; *Julce v. Smith*, No. CV 18-10163-FDS, 2018 WL 1083734, at *4 (D. Mass. Feb. 27, 2018) ("[S]ection 1252 also provides that 'a petition for review with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of any ... claim under the United Nations Convention Against Torture.'").

## IV. Conclusion

Cuesta's due process claim under *Zadvydas* fails, so the habeas petition is **DENIED WITHOUT PREJUDICE** to him refiling a new petition should his current detention (which is not impeded) extend beyond the six-month mark, and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on May 12, 2026.

Kyle C. Dudek
United States District Judge